IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-297-D

| | | |
|---|---|---|
| CHARLES DAVID BECTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF RALEIGH POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Charles David Becton ("Becton" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Becton names as defendants the City of Raleigh Police Department, Raleigh Police Chief Harry Dolan, Raleigh Police Officer J.K. Layman, Wake County Sheriff Donnie Harrison, Wake County Senior Resident Superior Court Judge Donald W. Stephens, and Wake County Clerk of Court Nancy Freeman. Id. at 1–2. Becton seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On October 14, 2010, Becton filed a motion for a copy of the court's local rules and for "the U.S. Marshals [to] serve each named Defendant" [D.E. 10]. As explained below, the court dismisses the complaint as frivolous and denies plaintiff's motion.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490

U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

On June 10, 2010, Becton was convicted in Wake County of felony breaking and entering and larceny, and was sentenced as a habitual felon. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0025948 (last visited Aug. 22, 2011); see Compl. ¶ 11. Becton challenges various pretrial proceedings, including the evidence which formed the basis for his arrest, issues with getting released on bond, and attempts to procure DNA swabs from him and submission of DNA evidence to the State Bureau of Investigation in violation of his privacy rights, the failure of the Wake County clerk's office to file things, and a failure to arraign him or conduct a hearing "on any pretrial motions that were properly filed with the court." Compl. ¶¶ 11, 14, 16, 18–20, 23–24. Becton further contends that defendant Judge Stephens "consulted with all of the above named defendants and conspired with them" in order to obtain evidence to convict him. Id. ¶ 17. Finally, Becton asserts an equal

protection claim on the ground that he "is an Afro-American male and all of the above named Defendants are white" and thus "acted in conformity that discriminates against Blacks, Latinos and other minorities." Id. ¶ 22. Plaintiff asserts violations of his "4th, 5th, 8th and 14th Amendment" rights, and seeks declaratory relief, $225,000 in compensatory damages and $1 million in punitive damages from each defendant, and court costs. Id. ¶¶ 15, 28–33.

To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Here, Becton contends that his conviction is invalid. Because Becton's conviction has not been overturned or otherwise invalidated, Becton may not proceed with his section 1983 claim.

Moreover, Becton has named several defendants who are either immune from or otherwise not amenable to suit under section 1983. As for defendant Judge Stephens, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). As for the defendant City of Raleigh Police Department, it is not a person amenable to suit. See Cooper v. Brunswick Cnty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (collecting cases), report and recommendation adopted by 2011 WL 736670

3

(E.D.N.C. Feb. 23, 2011) (unpublished). As for defendant Harrison, plaintiff's claims against Harrison do not involve allegations of any specific act or omission by Harrison, but instead are based on Harrison's supervisory position. However, the doctrine of respondeat superior generally does not apply to a section 1983 claim. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, Becton's claims against these defendants are dismissed as frivolous.

As for Becton's difficulties in being released on bond, neither the Due Process Clause of the Fourteenth Amendment nor the Eighth Amendment provides an absolute right to be released on bond. See, e.g., United States v. Salerno, 481 U.S. 739, 748–49 (1987). Thus, Becton has failed to state a claim upon which relief can be granted, and this claim is dismissed.

As for Becton's allegations of racial discrimination, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Becton has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10–1016). Becton has not made plausible allegations to support his equal protection claim.

4

As for Becton's allegations of conspiracy, to allege a conspiracy under section 1983, Becton must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right ...." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Becton fails to plausibly allege a "meeting of the minds" between any of the named defendants to violate his constitutional rights. Twombly, 550 U.S. at 555; Giarratano, 521 F.3d at 304 n.5. Thus, Becton has failed to state a claim on which relief may be granted.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for a copy of the court's local rules and for "the U.S. Marshals [to] serve each named Defendant" [D.E. 10] is DENIED AS MOOT. The Clerk of Court is directed to close the case.

SO ORDERED. This 22 day of August 2011.

JAMES C. DEVER III
United States District Judge